IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRUCE C. EDWARDS, ANGELA K. EDWARDS,
TIMOTHY COUCH and AMANDA COUCH,

Plaintiffs,

v.                                              No. 18-0134-DRH

HOLISHOR ASSOCIATION, INC.,
ROBERT LOWRANCE, JEANNE MARTIN,
STEVE YEATES, JR., SHAUN DILTZ,
DAVE DECKER, MONTE THUS,
MICHAEL HAWKS and MADISON COUNTY
TITLE COMPANY, INC.,

Defendants.

## MEMORANDUM and ORDER

HERNDON, District Judge:

### Introduction and Background

Now before the Court are two motions to dismiss for failure to state a claim (Docs. 32 & 40). Plaintiffs have responded to the motions (Docs. 39 & 42). Based on the record and the applicable law, the Court grants the motions to dismiss, dismisses with prejudice plaintiffs' Racketeer Influenced and Corrupt Organizations Act ("RICO") claim (Count I) and declines to exercise supplemental jurisdiction over plaintiffs' state law claims (Counts II, III and IV).

Originally, plaintiffs, Bruce C. Edwards, Angela K. Edwards, Timothy Couch and Amanda Couch filed suit against Holishor Association, Inc. ("Holishor"), Robert Lowrance, Jeanne Martin, Steve Yates, Jr., Shaun Diltz, Dave Decker,

Monte Thus, Michael Hawks, and Midwest Title Insurance, Inc., (Doc. 1). Thereafter, plaintiffs filed their amended complaint on February 2, 2018, substituting defendant Midwest Title Insurance, Inc., for Madison County Title Company, Inc. ("Madison County Title") (Doc. 7). The amended complaint contains four counts against defendants: Count I, RICO, 18 U.S.C. § 1962(a); Count II, Edwards' Quiet Title Action; Count III, Edwards' & Couches' Declaratory Action and Count IV, Edwards & Couches' Declaratory Action – Alternative Pleading under 735 ILCS 5/2-613 (Doc. 7). Plaintiffs seek money damages, punitive damages, quiet title, attorneys' fees, and costs of suit.

Plaintiffs are husband and wife couples that each own property in the Holiday Shores Lake Subdivision ("Holiday Shores") which is comprised of single family residential lots located in Fort Russell and Moro townships in Madison County, Illinois. Defendant Holishor, is an Illinois not-for-profit corporation and is the homeowners association for Holiday Shores. Defendants Robert Lowrance, Jeanne Martin, Steve Yates, Jr., Shaun Diltz, Dave Decker, Monte Thus, and Michael Hawks are members of the Board of Directors of Holishor. Defendant Madison County Title is a title corporation doing business in Madison County, Illinois.

Plaintiffs allege that the covenants and restrictions referenced in the deeds for their respective property expired on January 1, 1975, long before they acquired their properties. Thus, plaintiffs allege that they do not owe the assessments, fees and monies due under the home owners association and that defendants' attempt

to acquire such fees, monies and assessments amounts to RICO violations.

In 2016, Holishor hired Madison County Title to develop a map of Holiday Shores by reviewing the original plats and deeds for the entirety of Holishor Association. Madison County Title performed the analysis and in its initial analysis determined preliminarily that plaintiffs' properties were subject to the covenants and restrictions of the Holishor Association. In 2017, the Holishor defendants specifically asked Madison County Title to determine if plaintiffs' properties were subject to Holishor Association's covenants and restrictions. After its review, Madison County Title determined that plaintiffs' properties were subject to the covenants and restrictions. These findings were sent to plaintiffs for review. In addition, Holishor defendants told plaintiffs that unless they provided information to prove otherwise, their unpaid dues and assessments were outstanding and needed to be paid. Plaintiffs did not provide information to the contrary and refuse to pay.

Subsequently, on November 1, 2017, Holishor filed its claims for foreclosure of liens against the plaintiffs in separate suits in small claims court in the Madison County, Illinois Circuit Court. *See Holishor Association, Inc. v. Bruce and Angela Edwards*, 2017-SC-2965 and *Holishor Association, Inc. v. Timothy and Amanda Couch*, 2017-SC-2680.

## Analysis

**A. Federal Rule of Civil Procedure 12(b)(6)**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Allegations of fraud in a civil RICO complaint are subject to Rule 9(b)'s heightened pleading standard, which requires a plaintiff to plead all averments of

fraud with particularity. Fed.R.Civ.P. 9(b); *see Goren v. New Vision Intern, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998). "While dismissal of a RICO claim is appropriate if the plaintiff fails to allege sufficient facts to state a claim that is plausible on its face, the adequate number of facts varies depending on the complexity of the case." *Kaye v. D'Amato,* 357 Fed.App'x 706, 710 (7th Cir. 2009). To plead with particularity means to allege "the who, what, when, where, and how" of the alleged fraud. *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 569 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Financing Svc's, Inc.,* 536 F.3d 663, 668 (7th Cir. 2008)). With these principles in mind, the Court turns to address the merits of the motions.

**B. The Racketeer Influenced and Corrupt Organizations Act (Count I)**

The Racketeer Influenced and Corrupt Organizations Act allows for a civil cause of action by "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter ..." 18 U.S.C. § 1964(c). Under section 1962, it is unlawful to participate in the "conduct of [an] enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt" 18 U.S.C. § 1962(c). A violation requires proof of four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). The conspiracy provision—subsection (d)—further requires "that (1) the defendant[s] agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity, and (2) the defendant[s] further agreed that

someone would commit at least two predicate acts to accomplish these goals." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 823 (7th Cir. 2016) (internal citation omitted). In order to state a valid RICO claim, a plaintiff must plead that he suffered "an injury to [his] business or property [that] result[ed] from the underlying acts of racketeering." *Empress Casino Joliet Corp. v. Johnston*, 763 F.3d 723, 728–29 (7th Cir. 2014) (citing *Haroco, Inc. v. Amer. Nat'l B & T Co. of Chi.*, 747 F.2d 384, 398 (7th Cir. 1984)). RICO's main purpose is to "eradicate[e] organized, long term, habitual criminal activity." *Gamboa v. Velez*, 457 F.3d 703 (7th Cir. 2006).

To state a RICO claim, a plaintiff must (among other things) identify an "enterprise." *United Food and Comm. Workers Unions and Employers Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 853 (7th Cir. 2013). An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity," and is broadly defined. *Id.* (citing *Boyle v. United States*, 553 U.S. 938, 944 (2009)). Despite the expansive nature of this definition, it is not limitless." *Walgreen*, 719 F.3d at 853. And critically, § 1962(c) also requires plaintiffs to identify a "person" that is distinct from the RICO enterprise, and that "person" must have "conducted or participated in the enterprise's affairs, not just its own affairs." *Id.* at 854. It is not enough to allege that a defendant was part of the enterprise; they must plausibly allege that a defendant conducted the affairs of the enterprise, not just its own. *Jay E. Hayden Foundation v. First Neighbor Bank,*

*N.A.*, 610 F.3d 382, 389 (7th Cir. 2010)(affirming dismissal of RICO complaint because "defendants did not use the conspiracy (the enterprise); they were the conspiracy.").

Here, the Holishor defendants and Madison County Title argue that plaintiffs have failed state a RICO claim against them. Specifically, the Holishor defendants maintain that plaintiff failed to allege an enterprise as plaintiffs never identify which defendant or entity is the actual enterprise and that plaintiffs fail to identify a person district from the enterprise. The Court agrees.

The principal problem is that the allegations of the amended complaint fail to plausibly allege that the defendants were conducting the affairs of the alleged enterprise rather than simply pursuing their own individual affairs and interests. That is, the amended complaint fails to allege facts sufficient to permit a plausible inference that defendants used the enterprise itself to carry out the object of their alleged scheme. First, Holishor is not distinct from its board members. *See Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 226 (7th Cir. 1997)("RICO would encompass every fraud case against a corporation, provided only that a pattern of fraud and some use of the mails or of telecommunications to further the fraud were shown[.]"). The complaint does not contain allegations to indicate that Holishor is distinct as there are no allegations that the board members seized control of Holishor by unlawful, criminal activity and had an existence separate from Holishor with respect to the allegations. Further, the mere/sole allegation against Madison County Title is:

> Madison County Title Company, Inc., is a domestic corporation doing business in Madison County, Illinois, whose activity and participation in the Defendants' enterprise was when it rendered the opinion which is referred to in attorney Carruthers' email dated December 19, 2016, referred to in sub-paragraph e of paragraph 25 below, i.e. that the covenants in Book 2370 at pages 701-707 did not expire and that the "Agreement" referred to in Carruthers' email was, in law and fact, an actual assignment as opposed to a covenant to execute and [sic] assignment in the future.

Doc. 7; pg. 3, ¶ 10 and pg. 11, ¶ 26. Clearly, plaintiffs' allegations do not suffice to plausibly infer that the participants were seeking to use and promote a distinct enterprise with its own objectives, as opposed to conducting their own affairs and pursuing their individual interests (whether legitimate or illegitimate).

In *Walgreen*, the Seventh Circuit considered a relationship between Walgreens and Par Pharmaceuticals, in which Par persuaded Walgreens to systematically fill certain prescriptions with the most expensive form of the prescribed drug, even if the prescription called for the less expensive form. Notwithstanding extensive communication between Walgreens and Par – which were alleged to include presentations by Par highlighting the millions of dollars of profits to be earned by engaging in the prescription-switching scheme – the court of appeals concluded that the complaint failed to plausibly allege "that Walgreens and Par were conducting the affairs of this [alleged enterprise], as opposed to their own affairs." Because the complaint did not allege that "officials from either company involved themselves in the affairs of the other" and because "nothing in the complaint reveal[ed] how

one might infer that [Par and Walgreens's] communications or actions were undertaken on behalf of the enterprise as opposed to on behalf of Walgreens and Par in their individual capacities," the court concluded that the complaint failed to adequately allege that Par and Walgreen engaged in conduct that used or promoted the alleged enterprise rather than merely alleging conduct that was entirely consistent with the individual interests of each other rather than interests of a distinct entity- the enterprise. *See also, Jay E. Hayden Foundation*, 610 F.3d at 389 (holding that, while plaintiffs had adequately alleged a RICO enterprise comprised of an attorney-executor, a bank, two law firms and various principals of those entities, they failed to allege that in defrauding the plaintiffs the defendants had conducted or participated in the affairs of the alleged enterprise rather than simply pursuing their own affairs).

So too here. There are no indications that Holishor defendants conducted the affairs of Madison County Title or vice versa; instead the allegations are merely that Holishor defendants paid Madison County Title search the validity of the convents and restrictions as to their respective properties. In essence, this case is a state law real estate dispute that should be litigated in state court. The Court agrees with the Holishor defendants that plaintiffs are trying to reframe the issues and bring the state law claims into federal court under RICO. See *Carr v. Tillery*, 591 F.3d 909, 918 (7th Cir. 2010) ("RICO is not a proper vehicle for levering a breach of

contract suit between citizens of the same state into federal court …"). For all these reasons, the Court finds that plaintiffs failed to allege a RICO violation and that claim must be dismissed with prejudice.[1]

### C. Supplemental Jurisdiction (Counts II, III and IV)

"[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction." *Id.* at § 1367(c)(3); *accord. Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 1866 (2009) (explaining a federal district court "may (or may not) choose to exercise" subject matter jurisdiction over pendant state law claims, and "the decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary").

"When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Center v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). That presumption "should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion in areas of purely state law." *RWJ Mgmt. Cos., Inc. v. BP Prods. N. Am.*, 672 F.3d 476, 479 (7th Cir. 2012)(internal quotation marks omitted) (quoting *Khan v. State Oil. Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)); *see*

---

[1] As plaintiffs fail to properly plead enterprise, the Court need not address the remaining RICO dismissal arguments.

*also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). Courts have "broad discretion" to determine whether to relinquish supplemental jurisdiction over state law claims after the basis for original federal jurisdiction is removed. *RWJ Mgmt.*, 672 F.3d at 478; *Domanus v. Locke Lord LLP*, 847 F.3d 469, 483 (7th Cir. 2017).

The "general presumption in favor of relinquishment applies and is particularly strong where ... the state-law claims are complex and raise unsettled legal issues." *Id.* The presumption may be overcome, after considering the following factors: (1) whether the statute of limitations has run on the state law claims; (2) whether substantial judicial resources have been committed such that dismissal will cause a substantial duplication of effort; and (3) whether it is "absolutely clear" how the state law claims should be decided. *Id.; Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 758 F.3d 505, 51 5 (7th Cir. 2009); *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Further, courts should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) (quoting *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534 (1997)).

Here, the Court finds that declining supplemental jurisdiction over the state law claims is warranted as none of the factors to retain supplemental jurisdiction are present. Further, the claims for quiet title and declaratory relief are related to the claims that are being litigated in the Madison County, Illinois Circuit Court and thus, these claims should be heard at the state level.

**Conclusion**

Accordingly, the Court **GRANTS** defendant Madison County Title Company, Inc.'s motion to dismiss (Doc. 32) and **GRANTS** the Holishor defendants' motion to dismiss (Doc. 40). The Court **DISMISSES** with prejudice the RICO claim, Count I of the amended complaint. Further, the Court **DECLINES** supplemental jurisdiction over the state law claims and dismisses without prejudice those claims: Counts II, III and IV of the amended complaint. The Clerk of the Court shall enter judgment reflecting the same.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.15
14:40:20 -05'00'

**United States District Judge**